## CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Law Firm of Larjack, PLLC**<br>**1629 K Street, N.W., Suite 300**<br>**Washington, D.C. 20006** | **Citibank, Daniel Signori, Bin Kamal,**<br>**Denis Bencamp, Danny Daneillo, and**<br>**John Does 1, 2, and 3** |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| **Robinson Law, PLLC, Wendell C. Robinson,Esq.**<br>**7600 Ga. Ave. N.W., # 203, Washington, D.C.**<br>**20012,   202-223-4470** | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◉ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ● 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ● 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)

| ○ **A. Antitrust** | ○ **B. Personal Injury/ Malpractice** | ○ **C. Administrative Agency Review** | ○ **D. Temporary Restraining Order/Preliminary Injunction** |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ● **E. General Civil (Other)** | OR | ○ **F. Pro Se General Civil** | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 27 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Conditions<br>☐ 560 Civil Detainee – Conditions of Confinement<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent – Abbreviated New Drug Application<br>☐ 840 Trademark | **Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609<br><br>**Forfeiture/Penalty**<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☒ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions<br>☐ 470 Racketeer Influenced & Corrupt Organization<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act) |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/Privacy Act* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi-district Litigation   ○ 7 Appeal to District Judge from Mag. Judge   ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
12; USCA §§ 38, 4002, improper bank charge back, negligence, fraud, and negligent misrepresentation.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ 6. millioN<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐    NO ☑ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐    NO ☑ | If yes, please complete related case form |
|---|---|---|---|

DATE: 10-5-17       SIGNATURE OF ATTORNEY OF RECORD *Wendell C. Robinson*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

| I. | COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States. |
|---|---|
| III. | CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II. |
| IV. | CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case. |
| VI. | CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause. |
| VIII. | RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office. |

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| **Law Firm of Larjack, PLLC**<br>**1629 K Street, N.W., Suite 300**<br>**Washington, D.C. 20006** | ) |
| *Plaintiff(s)* | ) |
| v. | )      Civil Action No. |
| | ) |
| **Citibank, NA** | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

### Citibank, NA
### 3241 14th Street, N.W.
### Washington, D.C. 20010

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> **Wendell C. Robinson, Esq.**
> **7600 Georgia Ave. N.W., Suite 203**
> **Washington, D.C. 20012**
> **202-223-4470 Phone, 202-726-9060 Fax**
> **Grindstonelaw@aol.com**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

            _____
            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Law Firm of Larjack, PLLC<br>1629 K Street, N.W., Suite 300<br>Washington, D.C. 20006<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br><br><br>Daniel Signori<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

**Daniel Signori**
**Rua Coronel Dulcidio**
**1205, APTO 181**
**Curitiba Parana, Brazil 80250-100**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Wendell C. Robinson, Esq.
> 7600 Georgia Ave. N.W., Suite 203
> Washington, D.C. 20012
> 202-223-4470 Phone, 202-726-9060 Fax
> Grindstonelaw@aol.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| **Law Firm of Larjack, PLLC** | ) |
| **1629 K Street, N.W., Suite 300** | ) |
| **Washington, D.C. 20006** | ) |
| _Plaintiff(s)_ | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| **Bin Kamal** | ) |
| | ) |
| _Defendant(s)_ | ) |

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_     **Bin Kamal**
**Bin Kamal Group**
**London, England**
**United Kingdom**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Wendell C. Robinson, Esq.
**7600 Georgia Ave. N.W., Suite 203**
**Washington, D.C. 20012**
**202-223-4470 Phone, 202-726-9060 Fax**
**Grindstonelaw@aol.com**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: 

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| Law Firm of Larjack, PLLC<br>1629 K Street, N.W., Suite 300<br>Washington, D.C. 20006<br>*Plaintiff(s)*<br><br>v.<br><br>Denis Bencamp<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

## Denis Bencamp
## Phoenix, Arizona

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wendell C. Robinson, Esq.
7600 Georgia Ave. N.W., Suite 203
Washington, D.C. 20012
202-223-4470 Phone, 202-726-9060 Fax
Grindstonelaw@aol.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| **Law Firm of Larjack, PLLC**<br>**1629 K Street, N.W., Suite 300**<br>**Washington, D.C. 20006**<br>*Plaintiff(s)*<br><br>v.<br><br><br>**John Doe # 1**<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

## John Doe # 1
## Address TBA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> **Wendell C. Robinson, Esq.**
> **7600 Georgia Ave. N.W., Suite 203**
> **Washington, D.C. 20012**
> **202-223-4470 Phone, 202-726-9060 Fax**
> Grindstonelaw@aol.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| **Law Firm of Larjack, PLLC**<br>**1629 K Street, N.W., Suite 300**<br>**Washington, D.C. 20006**<br><div align="center">*Plaintiff(s)*</div><br><div align="center">v.</div><br><br><br>**John Doe # 2**<br><div align="center">*Defendant(s)*</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

# John Doe # 2
# Address TBA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> **Wendell C. Robinson, Esq.**
> **7600 Georgia Ave. N.W., Suite 203**
> **Washington, D.C. 20012**
> **202-223-4470 Phone, 202-726-9060 Fax**
> **Grindstonelaw@aol.com**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Law Firm of Larjack, PLLC<br>1629 K Street, N.W., Suite 300<br>Washington, D.C. 20006 <br><br>*Plaintiff(s)*<br>v.<br><br><br><br>John Doe # 3<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

# John Doe # 3
# Address TBA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Wendell C. Robinson, Esq.
> 7600 Georgia Ave. N.W., Suite 203
> Washington, D.C. 20012
> 202-223-4470 Phone, 202-726-9060 Fax
> Grindstonelaw@aol.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Law Firm of Larjack, PLLC<br>1629 K Street, NW, Suite 300<br>Washington, DC   20006<br><br>          Plaintiff,<br><br><br>v.<br><br>Citibank, NA<br>3241 14th Street, NW<br>Washington, DC  20010<br><br>Daniel Signori<br>Rua Coronel Dulcidio<br>1205, APTO 181<br>Curitiba Parana, Brazil 80250-100<br><br><br>Bin Kamal<br>BIN KAMAL GROUP<br>London, England<br>United Kingdom<br><br>Denis Bencamp<br>Phoenix, Arizona<br><br>Danny Daneillo<br>Los Angeles, California<br><br>John Doe  1<br><br>John Doe  2<br><br>John Doe  3<br><br>          Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*  Civil Action No._____<br>\*<br>\*      **COMPLAINT**<br>\*<br>\* (Violations of Uniform Commercial Code,<br>\*  Racketeering Influenced Corrupt<br>\*  Organization Act, Negligence, Negligent<br>\*  Misrepresentation, Fraud, Mail Fraud)<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

1

This is an action for damages brought by a District of Columbia Limited Liability Company, against Citibank, NA and several individuals in various states and two individuals outside the United States for violations of the Uniform Commercial Code, as adopted by the District of Columba, the federal Racketeering Influenced and Corrupt Organizations Act (herein after referred to as "RICO"), negligence, negligent misrepresentation, fraud, and mail fraud.

## JURISDICTION

1.       This Court has jurisdiction pursuant to: **12: USCA §§ 38, 4002**, (National Bank Act), **18 USCA § 1341**, (Mail fraud), **18 USCA § 1343** (Fraud by Wire),**18 USCA § 1962**, (RICO), **28 USCA § 1331** (Federal Questions), **28 USCA § 1332** (Diversity of Citizenship).

2.       Venue is properly before this Court, pursuant to: **28 U.S.C. § 1391(a)(2)** because a substantial portion of the events, that gives rise to Plaintiff's claims, transpired in the District of Columbia, and one of the Defendants is a resident of the District of Columbia.

## PARTIES

3.       The Plaintiff is a limited liability company organized under the laws of the District of Columbia (Plaintiff). It was engaged in the practice of law, in the District of Columbia, at all times relevant to this cause of action.

4.       The Defendant, Citibank, N.A. (Citibank), is a national banking association which provides general and commercial banking services in the District of Columbia. It was operating, in that capacity, at all times relevant, to this cause of action.

5.       The Defendant, Daniel Signori, (Signori) is an individual who resides in Rio de Janeiro, Brazil, South America and maintains a bank account with Citibank in Miami, Florida. At all times relevant to this action, he was between Brazil and Florida. He represented himself to be a sophisticated, international business person.

2

6.     The Defendant, Dennis Beckamp, (Beckamp) is an individual, upon information and belief, who at all times relevant to this action, resides in Phoenix, Arizona.

7.     The Defendant, David Daneillo, (Daneillpo) is an individual, upon information and belief, who at all times relevant to this action, resides in Los Angeles, California.

9.     The Defendant, Al Bin Kamal, (Kamal) is an individual who, at all times relevant to this cause of action resides in London, England and operates a company called Bin Kamal Group.

10.     The true names and capacities, whether individual corporations, associates or otherwise, of the Defendants John Does 1 through 3, inclusive, are unknown to Plaintiff at this time. Plaintiff sues them by those fictitious names and will amend this complaint to show their names and capacities when they have been ascertained. Plaintiff believes, based on the best available information, that each of the Defendants designated as a Does 1 through 3, negligently or otherwise unlawfully caused the damages to Plaintiff, as alleged in this complaint. The John Does were part of the criminal enterprise that specifically made the Plaintiff an object of their criminality.

11.     At all times mentioned herein, the Defendants were the agents, employees or affiliates, of the other Defendants, and in doing the things herein alleged, they were acting within the course and scope of their agency, employment and association.

## FACTUAL ALLEGATIONS

12.     The Plaintiff was contacted by Kamal seeking a lawyer who would assist him and his affiliates in receiving funds in Washington DC from an individual who allegedly resided in Rio de Janeiro, Brazil.

3

13.     Beckamp is and was an associate of Kamal. Kamal caused Plaintiff to communicate with Beckamp.  Beckamp introduced Plaintiff to Daneillo. Daniello represented that Signori was his long time friend and investment partner. Kamal was the ultimate user and beneficiary of the subject funds.

14.     Daniello introduced Plaintiff to Signori.  Signori indicated he was from Rio de Janeiro and a successful business man who decided to fund Kamal's project.  Plaintiff discussed its concerns with Signori about money laundering, general origin of the funds, and the prohibitions against criminal activities.  Signori assured Plaintiff that the funds came from his businesses, including the oil and gas business he owned and the many real estate properties in Rio de Janeiro. He specifically said, the Olympics was here ("Rio de Janeiro") and all business owners with real estate in Brazil did quite well as a result of the Olympics.  Plaintiff inquired about whether the money was clean, subject to the U. S. Patriot Act, and it expressed its other basic due diligence concerns.  Signori reassured Plaintiff that he had money in many different countries because he was engaged in business in those countries.  He assured Plaintiff that he was a legitimate businessman, there would not be any problems with the nature, origin or quality of his funds, and that he already had funds, in the US, for quite some time, and those funds, that will be used for this project. Beckamp, Daneillo, and Kamal were aware of the discussions, emails between the investor/lender and Plaintiff. On some occasions Signori shared the contents of his discussions, with one or more, of the Defendants who would contact Plaintiff to confirm what was being said.

15.     The Plaintiff explained that it was necessary to have a written agreement setting forth the terms of their agreement. The Plaintiff was acting on behalf of Kamal, the end user of the funds. Although the date on the agreement appears to be August 19, 2016, the independent recollection is the agreement would have been signed before the arrival of a check. The check

arrived on August 17, 2016. Signori agreed there should a written agreement between the various parties. The parties discussed the terms, of the agreement, and the Plaintiff put it in writing. It was signed by Signori and Plaintiff. Alternatively, maybe the check arrived and then the parties signed the agreement to memorialize their collective understating. **(See, Plaintiff's Exhibit A).**

16.     Signori informed Plaintiff that he would send a check, on a specific date, and time. Plaintiff insisted on a wire transfer. Signori explained he used checks because of problems he has had with some bankers who had mismanaged and misappropriated his wired funds. Signori assured Plaintiff that the check is coming, from his Citibank account, and Plaintiff can go directly to Citibank and cash it. Signori also explained how the check would come. It arrived exactly at the time he said it would. The check **(See Exhibit B)** was delivered to Plaintiff in a U.S. Postal overnight **(See Exhibit C)** envelope on the morning of August 17, 2016.

17.     When the check arrived, Plaintiff took it to Citibank's K Street branch located at the intersection of 15th Street and Vermont Avenue, NW, in Washington, DC.

18.     When the Plaintiff entered the bank, it approached an individual sitting at a desk inside the bank designated as a customer service banker. Plaintiff explained that its acquaintance with the writer of the check was recent, and since the funds were to be deposited in Plaintiff's trust account, it wanted to be certain the check had sufficient funds to cover it. Plaintiff further explained that since Plaintiff's professional relationship with the writer of the check was relatively recent, it wanted to make certain there were no problems with the check. The banker sat approximately three feet, across a desk from the Plaintiff, listened carefully to what was being said, took the check and looked at it, looked at it; against a computer screen, got up from behind the desk, and excused himself momentarily.  Shortly thereafter, he returned to his desk, with the check, and told the Plaintiff, **"The funds are immediately available, there is no problem with the check, please go**

**to the teller window."** The check was cashed and some of the remaining proceeds were deposited in the Plaintiff's account.

19.     The owner of the funds told Plaintiff it could use some of the funds for other purposes as long as all of the funds would be available for transfer once the total $620,000.00 was transferred to China. Apparently, Signori intended to send several additional checks.

20.     The owner of the funds confided in Plaintiff that there were certain activities he was interested in Africa. The owner of the funds, whether it was Signori, or someone acting or pretending to be him, gave Plaintiff authority to use $110,000.00 of the $187,500.00 and Plaintiff transferred approximately $75,000.00 to China as instructed by Signori and Kamal. Signori said he wanted Plaintiff to stop talking to the others because they will be upset and angry. Further, he said, he did not want them in his business. He told Plaintiff that they will send Plaintiff all kinds of emails and messages, but leave them to him. In short, Plaintiff extracted the agreed upon fee for its services, from the check, per the terms of their written agreement.

21.     As circumstances unfolded, the minions of the owner/beneficiary of the funds became very angry and upset with Plaintiff and engaged in a lot of unprofessional behavior. Plaintiff did not realize it, at that time, but he had thwarted their objectives, which was primarily to steal the sum of $620,000.00 (Six Hundred and Twenty Thousand Dollars) from the rightful owner of the funds.

22.     The minions also knew where Plaintiff was traveling to and when it would arrive, and where it would be lodging. Plaintiff used one of its Citibank debit bank cards to purchase airline tickets and pay for hotel accommodations. Plaintiff believes that someone in the bank was communicating with the minions about Plaintiff's movements, which caused a major security breach for the Plaintiff. When Plaintiff told Signori about the breaches of financial privacy laws,

6

Signori said, "..let's reduce the anxiety in the various relationships..". Plaintiff explained to Signori that the invasion of financial privacy was improper and unlawful and someone, including the bank, could have serious legal liability. Signori said, "… just relax and we will get everything worked out in a manner that will be acceptable to all concerns..."

23.     In late November[1] or December 2016, Signori informed Plaintiff that he was called to Miami because Citibank had frozen his accounts consisting of approximately three million dollars. Signori said, he had to prove, to the bank, that he was a legitimate businessman. Plaintiff agreed to fly to Miami, Florida, to meet with Signori in person, but Signori called, at the last minute and said, business matters in Brazil required his immediate attention and he could not stay in Miami, Florida to meet Plaintiff.

24.     Matters became very contentious between Plaintiff and the minions of Signori. Then something happened in the relationships between the minions and Signor. He told Plaintiff to stop all communications with them and only communicate with him. It was his money, and he did not want to do business with them again. Signori and Plaintiff communicated almost daily.

25.     Between September and October 2016, Daniello sent several emails saying his professional relationship with his good friend, Signori was being comprised, Daniello said he has known Signori a long time and he was disappointed matters were not moving as fast as he would have liked. He was very concerned about the additional $400,000.00 that was scheduled to be released.

26.     One day in late November 2016 or early December 2017, Plaintiff went to Citibank in the normal course and upon arriving learned that its trust account was blocked. Plaintiff inquired

---

[1] According to counsel for Citibank, Signori went to the police department in Miami and filed a report alleging his checks were missing and forged. Signori's allegations about proving he was a legitimate business person may have been an excuse or cover up to file a report. Someone from the bank presumably told him if he filed a report, the bank would return the funds to his account.

as to why. Initially no one in the branch of Citibank at: 3241 14th Street, NW, knew why. Plaintiff went to the branch manager. She got on the phone, in her office, and when Plaintiff got on the phone; they called different places, in Citibank's hierarchy, but no one could tell them why the account was blocked. After about an hour, they were transferred to someone in the Citibank's Delaware office's fraud division. A lady answered and started asking questions about the check that was deposited in the Plaintiff's Citibank account several months earlier.  There were a few additional communications between Plaintiff and the lady from Delaware, one of which Plaintiff demanded that the block be removed but the bank refused to do so.  Eventually the person, in Delaware, stated that all communications should be directed to someone on Citibank's legal staff.

27.     Natasha Shepard was Citibank's in-house counsel. She demanded that Plaintiff deposit $187, 5000.00 it its account, to cover the $187,000.00 overdraft on its account, that Citibank put back into Signori's account. Plaintiff refused. It told Ms. Shepard that Citibank caused the overdraft, on or about January 6, 2017, when it told Plaintiff the check was good and it could cash the check. **(See, Plaintiff's Exhibit D).**

28.     Ms. Shepard said that Signori told Citibank that he did not know the Plaintiff and furthermore, he did not authorize the issuance of the check and his signature was forged.  Citibank alleges that Signori filed a report with the police department in Miami, Florida on about November 21, 2016. At no time did this new, or alleged Signori, contact the Plaintiff. One would think if someone received a check for almost $187,700.00 that was improper, and the rightful owner of the funds learned about it, they would communicate with the recipient, but he did not. The Plaintiff's name was clearly listed, as the payee on the check. Again, no one by the name of Signori, whether it was the alias, or the real Signori, contacted the Plaintiff, after the allegations about forgery and after the alleged report was filed with the police department in Miami, Florida. At no time relevant,

8

to this case, was Plaintiff contacted by the Miami Police Department or any other law enforcement agency.

29.     Moreover, neither the bank, nor the owner of the funds initiated any communications with Plaintiff. After almost $200,000.00 was allegedly missing, stolen, or misappropriated; and the lawful owner of the funds was silent, as was the bank, until Plaintiff took the initiative to find out what was happening.

30.     One of the ring leaders in the criminal enterprise, Beckamp, sent an email indicating this was all a scam and he operated it same. He demanded $6,000.00, from Plaintiff. He said the money was for him and he'd *"....make all of this go away..."* Kamal urged Plaintiff to pay the money.  Plaintiff refused and said it would not yield to extortion.  This was one in a series of communications from Beckamp.  At one point, he directed racial slurs toward the Plaintiff, and threats of physical harm were also made.  Once this was discussed with Signori he said leave it to him and Beckamp would not bother Plaintiff again.  The racial slurs preceded the attempt to extort money by several months. Plaintiff is an African-American and Beckamp is believed to be white.

31.     The criminal enterprise was comprised of: Beckamp and his associates, one in California, one in London. It is unclear, for now, whether Signori was a willing participant in the scam from the beginning or if he was a victim before he learned the true intentions of the criminal enterprise and then joined it. What is clear is, Signori waited a very long time before bringing the matter to the attention of Citibank in way that caused it to pay him $187,700.00. The money the bank paid Signori was Citibank's money. The Plaintiff does not owe Citibank any money because it paid the check upon presentment. There was no separate depository, collecting, or paying bank, as those terms are used in the Uniform Commercial Code, because Citibank was each of them.

.

<u>**COUNT I**</u>
<u>**NEGLIENCE**</u>

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     Citibank owed a legal duty of care to the Plaintiff, its customer, to exercise ordinary care in receiving, cashing, collecting and paying the check on August 17, 2016. As an account holder at Citibank, the plaintiff was entitled to deposit and negotiate checks. To the extent the check did not have the proper signature, of the drawing account holder, the bank should not have allowed the check to be deposited. Citibank should have telephoned, emailed, or called it's depositor to inquire about the check, which was payable for more than $187,000.00 (ONE HUNDRED AND EIGHT SEVEN THOUSAND DOLLARS) but it failed to do so.

34.     Citibank defendant breached its duty of care, to its depositing customer, because.

a.     It failed to comply with its own policies and procedures related to verifying the accuracy of the drawer's signature.

b.     It failed to comply with well-established standards in the banking industry related to verifying the accuracy of its depositor's signature.

Citibank cashed a check as the collecting and paying bank.  The check was allegedly not written by Signori, its depositor.  Citibank's conduct, in connection with negotiations, provisional credit, if any, and settlement resulted in a breach of care it owes to its depositors. From August of 2016, the date the check was deposited, until November, 2016, no one from Citibank contacted Plaintiff to inform it that the $187,000.00 check was alleged to be forged. It is believed that Citibank refunded the money, to Signori's accounts, that it paid the Plaintiff without first contacting the Plaintiff. The only way the Plaintiff learned there was an alleged forged check, is when it went to the bank branch, in the normal course of business, and was told that its account was blocked.

c. Citibank is, or was aware, that lawyers were being scammed using the approach employed by the Defendants. This is not the first time this has happened. There are several reported cases where this has occurred. **(See, Law Offices of Oliver Zhous v.** Citibank, NA (S.D. New York 2016 Google Scholar; **Fischer & Mandell, LLP v. Citibank**, NA, 632 F.3d. 793 (2nd Cir 2011). Yet, Citibank has done nothing to prevent the Defendants' fraudulent conduct.

35.     As a direct result, and proximate cause of Citibank's negligence, the Plaintiff has suffered economic damages; and will continue to so.  It will suffer other damages, including; but not limited to: the loss of its account, it's been overdrawn, for several months, as a result of Citibank's decision to reverse the deposit of the $187,000.00 check, which caused the Plaintiff to bring this lawsuit seeking corrective measures. This lawsuit would not have been filed but for Citibank's negligence.

36.     As a further direct result, and proximate cause of Citibank's negligence, as set forth herein, Citibank has blocked Plaintiff's account, its losing income, and Citibank is demanding that the Plaintiff pay it, $187,000.00.

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff demands judgment, in the amount of: $1,000.000.00, against Citibank.

### COUNT II
### NEGLIGENT MISREPSENTATION

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     When the Plaintiff presented the $187,000.00, to Citibank, its staff and/or individuals, while working within the scope of their employment, failed to verify its depositor's signature before depositing, it and  before telling Plaintiff it could cash the check immediately. Before attempting cash the check, Plaintiff asked if the check was good. Citibank's employees,

while working within the scope of their employment, said yes. Plaintiff did not stop there but went further and told Citibank that the writer of the check was a new client and the Plaintiff wanted to be certain the check was proper in all respects.  When Citibank failed to verify its depositor's signature, on the check, it breached the duty of care it owed the Plaintiff.

39.     When Citibank's employees told the Plaintiff that the check was good, and it can cash the check immediately, the Plaintiff reasonably relied on those representations to its detriment.  If Citibank's employees had called the writer of the check he could have told them that he did not write it, or authorize its issuance.  In the aftermath of presentment of the check, Signori allegedly filed a police report in Miami, Florida and provided a sworn affidavit, to Citibank, saying he did not write or authorize the issuance of the $187,000.00 check.

40.     Citibank's employee's statements, made negligent misrepresentations that the Plaintiff reasonably relied on, to its detriment.

41.     As a direct result, and proximate cause of Citibank's negligent misrepresentation, it is seeking $187,000.00, from the Plaintiff, because of its reliance on their negligent misrepresentations.

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff demands judgment, in the amount of: $1,000.000.00, against Citibank.

### COUNT III
### VIOLATION OF THE UNIFORM COMMERICAL CODE

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     Citibank acted as the depository bank, settlement bank, and collecting bank, as those terms are used in the Uniform Commercial Code, as adopted by the District of Columbia.

44.     Citibank failed to exercise the ordinary care it owed the Plaintiff because after it learned of Signori's allegations, about the check, it failed to inform Plaintiff of Signori's allegations for months after the allegations were made.

45.     Citibank unilaterally and administratively overdrew the Plaintiff's account. One day the account went from a small positive balance to being overdrawn by $187,700.00 through no fault of its own.

46.     The delay between learning of the alleged forgery and acting in a responsible manner, with its depositing customers, makes Citibank liable under the terms of the Uniform Commercial Code for any loss caused by the delay.

47.     Since Citibank has allegedly paid $187,700.00, of its money to Signori, it is now trying to hold Plaintiff liable for it.  The Plaintiff does now owe Citibank that money because it is liable for any damages caused by its negligence and delays in accordance with U.C.C.4-214(d)(2).

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff demands judgment, in the amount of: $1,000.000.00, against Citibank, in addition to any damages imposed by the Uniform Commercial Code, as amended.

<div align="center">

**COUNT IV**
**NEGLIGENCE**

</div>

48.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49.     Signori owed a legal duty of care to the Plaintiff to exercise ordinary care.

50.     Signori either purposefully participated in some or all of the acts giving rise to this action, or he handled his checking account in such a fashion as to allow a check to go from Rio de Janeiro to Washington, DC under the auspices of engaging counsel to engage in lawful legal representation, and as such he breached his duty to the Plaintiff.

<div align="center">

13

</div>

51.     Signori has allegedly made a complaint, with the legal authorities in Miami, Florida alleging, *inter alia*, that the Plaintiff improperly deposited his check and that he has no knowledge of the Plaintiff. Plaintiff has not seen the alleged complaint, but denies that it improperly deposited the check and it alleges that it knows Signori.

52.     Signori was negligent in not reviewing his monthly Citibank statements within the allotted thirty days under the U.C.C. He allowed more than thirty days, to pass, and even months, before learning of, or discovering, that almost $200,000.00 was missing from his account. The comment section of U.C.C. at 4-406, states *"there is little excuse for a customer not detecting a forgery of his own signature."*[2] The harmed suffered by Plaintiff was foreseeable, given Signori's negligence. As a direct result, and proximate cause of Signori's negligence, the Plaintiff has been harmed, suffered damages, and continues to suffer damages, as a result of Signori's negligence.

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff demands judgment, in the amount of: $1,000.000.00, against Signori, in addition to any damages imposed by the Uniform Commercial Code, as amended.

## COUNT V
## MAIL FRAUD

53.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54.     Signori, or the person pretending to be him, engaged in a common scheme, or plan, to obtain money, or property, through the mail by means of false representations in violation of the applicable federal statute (s).

55.     All of the Defendants, except for Citibank, were engaged in a criminal enterprise involving mail fraud. Plaintiff, at this time, lacks sufficient evidence, to allege that Citibank was

---

[2] See Montreal v. Fleet Bank, 735 NE 2nd 880 (NY, Court of Appeals 2000-Google Scholar)

knowingly involved in mail fraud; unless the John Doe Defendants initially acted in concert with the other Defendants. The answers will be obtained during discovery.

56.     The Defendants made it their business to find the right lawyer to scam. They devised a common scheme or plan to defraud or to obtain money by false pretenses and misrepresentations. The Defendants went through the motions of engaging counsel when, in fact, their primary objective was to defraud and scam the lawyer, in part, by using the U.S. postal system.

57.     In this case, the Defendants used the U.S. Postal Service to deliver, or caused to be delivered, the check in question. The Defendants said the check would arrive in a certain manner at a specific time. The Plaintiff relied on those representations and such reliance was reasonable given the facts and circumstances. When Plaintiff explained to Signori that wire transfer was preferable, Signori told it that a person allegedly pretending to be him, in the past, posed problems for him, with bankers, and when he's involved in any significant transactions he uses checks. That representations was false and part of an elaborate scheme to defraud the Plaintiff.

58.     As represented by Signori, the check arrived when the Defendants said it would. The Defendants either knew the check was improperly issued, by Signori, or alternatively, the check was properly issued and their collective purpose was to defraud Plaintiff.

59.     As a direct result of the common scheme and or plan, the Plaintiff has suffered damages, as a direct result of the Defendants' mail fraud; conceived and carried out by them.

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff demands judgment, in the amount of: $1,000.000.00, joint and several, against all Defendants

## COUNT VI
## FRAUD

60.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61.     Defendants, Kamal, Beckamp, Daneillo and the John Does, worked in conjunction with each other at every stage of the fraud, which was designed to ensnare and defraud the Plaintiff. The false representations came in the form of emails, telephone calls, and written documents; to and from the various continents i.e., the United States; United Kingdom; and South America.

62.     Defendants intentionally engaged in representations that were material and false. They represented that they were referring a client who desired proper legal representation. The overall objective was to secure one party to invest where a second party was to receive funds to be invested in conjunction with Kamal and others.  The Defendants knew their representations were material and false. They worked in conjunction with Signori, or secured someone to pretend to be Signori. The Defendants secured a check, in the amount of $187,700.00, and sent it to Washington, DC.  On August 17, 2016, the Defendants had to have the knowledge of someone working in Citibank to know when and how much would be in the drawer's account. Even the written agreement, between the parties was a façade of false representation designed to defraud the Plaintiff.  Upon information and belief, the Defendants had to know the Plaintiff maintained an account at Citibank. Upon information and belief, the John Doe Defendants disclosed the information, to the Defendants, and they collectively engaged in a criminal enterprise.

63.     The Defendants individually and collectively knew their representations were false, or that said representations were made with a reckless disregard for the truth.  The Defendants secured the assistance of the John Doe Defendants to carry out the fraud. The John Doe Defendants disclosed private financial information about the Plaintiff to the Defendants.

64.     Defendants' intent was to deceive and induce Plaintiff's reliance on their representations. Plaintiff's reliance, on those representations, was reasonable. Plaintiff had clear and candid conversation with Signori (or someone pretending to be him) about the source and the origin of his funds; as well as the purposes for which they were to be used. In light of the exchanges between them, as well as the delivery of the check for a substantial amount of money, Plaintiff's reliance, on Signori's representations was reasonable. The Defendants were successful in deceiving and inducing Plaintiff's reliance on their false representations. In reliance on the Defendants' material and false representations, the Plaintiff received the check in question, cashed or deposited it. As a result, Citibank subsequently administratively overdrew Plaintiff's account there, in the amount of $187,700.00.

65.     Plaintiff has sustained damages and those damages are a direct result and proximate cause of its reasonable reliance on the Defendants' false and material misrepresentations.

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff demands judgment, in the amount of: $1,000.000.00, joint and several, against all Defendants

### COUNT VII
### (RACKTETEER INFLUENCED AND CORRUPT ORGANIZATION ACT, *18 U.S.C. 1962 et. seq.* "RICO")

66.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

67.     Citibank has demanded that Plaintiff pay it bank $187,700.00 for the money it allegedly paid to Signori. The Plaintiff told Citibank, numerous times, that it is a victim of fraud. Citibank has turned an unhearing ear to those representations. It unilaterally overdrew the Plaintiff's checking account, without one word to the Plaintiff. The Plaintiff did not write any checks, with insufficient funds, on its account, or use its debit card, in any manner to cause its

account to be overdrawn. It is more than a mere coincident that Signori's account was at Citibank, as well as the Plaintiff's and; it is more than a mere coincident, Signor's account had plenty of funds, in it, when the alleged forged check was presented.

68.    Upon information and belief, the John Doe Defendants worked with the other Defendants in a criminal enterprise.   The Defendants' conduct gives rise to a violation of Racketeering Influenced and Corrupt Organization Act hereinafter referred to as "RICO."

70.    The conduct and predicate acts giving rising to the claims herein involve extortion, forgery, mail fraud, and monetary transactions.

71.    The Defendants were engaged in a criminal enterprise that covered several different countries for a sustained period of time.   In fact, upon information and belief, the Defendants continue to engage in such conduct.

72.    The pattern of the predicate acts commenced from the beginning of the transaction involving the Plaintiff and involves a pattern of ongoing unlawful conduct.   The Defendants seem to be willing to do almost anything in connection with stealing, defrauding and scamming unsuspecting lawyers.   The Plaintiff was the intended target of the predicated acts engaged in by the Defendants. The John Does, of Citibank, enabled and assisted the Defendants.   Plaintiff hopes that discovery will answer questions of how the Defendants learned about the Plaintiffs whereabouts and international travel plans. Upon information and belief, said information was derived from confidential Citibank records and provided by the John Does to the Defendants, who were all acting in concert.

73.    The racketeering activity consisted of: but was not limited to: forgery of a substantial bank check, mail fraud, fraud, extortion, the release and improper use of confidential banking records.   The racketeering activity did affect interstate or foreign commerce.

18

74.     That the alleged wrongful conduct was a substantial and foreseeable cause of the Plaintiff's damages, and; those damages are logical and not speculative. In short, if one forges, or causes a check to be forged, one should expect economic and other damages will emanate from said unlawful conduct. It is foreseeable that those damages will occur to the recipient of the forged check.

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff demands judgment, in the amount of: $1,000.000.00, joint and several, against all Defendants, in addition to any damages this statute provides.

### ADDITIONAL RAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgement against the Defendant, based on the following requested relief:

1.     Actual and compensatory damages of $187,700.00 in all of Plaintiffs' counts;

2.     Punitive Damages of $3,000,000.00 (THREE MILLION DOLLARS) against the Defendants on Counts I, II, VI, VII.

3.     That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable state and federal law(s).

4.     That judgment be entered, for Plaintiff, and against all defendants for: Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

5.     That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

6.     That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best available proof.

7.     That all Defendants pay to Plaintiff its costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and reasonable attorney fees,

8.     That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action including but not limited to the removal of the block on its Citibank account.

Respectfully submitted,

Wendell C. Robinson, Esq.
Bar (#377091)
7600 Georgia Avenue, NW, Suite 203
Washington, DC 20012
Tel.: 202-223-4470
Fax: 202-729-9060
Email: Grindstonelaw@aol.com
*Attorney for Plaintiff*

PLAINTIFF EXHIBIT   A

# LAW FIRM OF LARJACK, PLLC
### (A District of Columbia Corporation)

1629 K Street, NW, Suite 300
Washington, DC  20006

Tel.: (202) 457-8180
Email: Slarsonjac@aol.com
Skype: Govenlock1

## LOAN INVESTMENT AGREEMENT

**Borrower: Law Firm of LarJack, PLLC** of 1629 K Street, NW, Suite 300,

Washington, DC 20006 (hereinafter refereed to as the "Borrower") and the parties hereto

understand and agree, the law firm is the agent for the MBK 1 Group of Isle Man Hill,

IM99 3AT London with International Passport Number: F837174, hereinafter referred to

as the third party,


**Lender: Daniel Signori of Rua Coronel Dulcidio, 1205, APTO 181, Curitiba Parana,**

**Brazil 80250-100**   (hereinafter referred to as the "Lender").


**PRINCIPAL AMOUNT: $620,000.00 (SIX HUNDRED AND TWENTY THOUSAND**
**DOLLARS) AND INTEREST AT THE RATE OF TEN PERCENT (10%) PER**
**ANNUM.**

1.      FOR VALUE RECEIVED, The Borrower promises to pay to the lender at

such address as may be provided in writing to the Borrower, the principal sum of plus ten

percent. The lender has provided the sum of $187,700.00 (ONE HUNDRED EIGHTY-

SEVEN   THOUSAND,   SEVEN   HUNRED   DOLLARS   UNITED   STATES

DOLLARS).via a personal check written on Citibank. The true beneficial owner of the

funds represents the funds are clear, clean and independent of criminal origin and does

not violate the federal laws of the United States, specifically, the Patriot Act, or other law designed to eliminate money laundering and other unlawful activities.

2.     The lender understands and agrees a third party shall have use of the funds but the underlying commodities transaction cannot be completed until the full amount of $620,000.,00 (Six Hundred and Twenty Thousand United States Dollars) has been tendered.  The lender has indicated the funds will be provided in increments in a manner that allows for the judicious monitoring of the funds. The lender funder agrees to employ it s resources with respect to monitoring the funds.

3.     The full repayment of the funds cannot occur until all of the funds have been provided to complete the underlying project.   After all the funds have been comprised together, the third party must use said funds to buy and sale certain commodities, generate a profit and from said profit, repayment the lender/ Investor the principal, interest, and return on the investment.

4.     This Note will be paid in full on or before expiration of Twenty-One (21) days from commencement of the underlying project. The date shall be on September 9Th 2016.

5.     The parties to this Agreement agree the borrower will repay the sum to the Lender via irrevocable wire transfer Citibank, NA.

6.     The role of the law firm is twofold: One we receive the funds from the lender and then we provide an overview and guidance to the parties actually using the funds. The lender understands our fiduciary duty is first and foremost to the party using the funds.   The law firm shall be compensated at the rate of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) for it services and activities in the funding

process. The flow of funds is as follows: from lender/investor to law firm, then law firm end users and from end users back to law firm and from the law firm to the lender (investor).

7.      The lender (investor) is clear it is the end user who has the responsibility for repayment of its funds, not the law firm. The law firm is not the end user of the funds, the third party is the end user. The investor/lender is properly aware of the activities, business and activities of the end user. The end user has assured the investor, all activities are lawful and not the product of any illegal activities whatsoever.

8.      All costs, expenses and expenditures including and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.

9.      If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to tender the provisions reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result. Banking coordinates for wiring instructions are listed below for Borrower and Lender respectively.

10.     This Agreement will inure to the benefit of the and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest. This Agreement cannot be transferred, assigned, or

conveyed to a third party without the express written consent of the other party. This Note and Agreement shall only become effective if the Borrower receives the subject loan proceeds via wire transfer. The parties hereto agree the law firm is only standing in the shoe of the end user. The law firm is certainly not the end user.

11.    This Agreement contains the entire agreement of the parties. This agreement may be modified or amended only with the express, written consent, of Lender and Borrower.

12.    In the event the parties have a dispute that arises out of this agreement, the dispute shall be resolved via arbitration before the America Arbitration Association using the rules they have in effect at the time before a panel of three arbitrators. The situs of the arbitration shall be the location of the agree bed party.

13.    This Agreement shall be construed in accordance with the law of the District of Columbia. This Agreement consists of three (3) typewritten pages.


*IN WITNESS WHEREOF* the Borrower and Lender have duly affixed their signatures on this Agreement on this 19th day of August, 2016 in the District of Columbia.

*SIGNED SEAL AND DELIVERED*

**BORROWER:  Al Ben Kamal**
                   **MBK Group represented by**
                   **Steve Larson-Jackson**

By: _____
         Steve Larson-Jackson

**LENDER:  MR. Daniel Signori**
Tel.: 940-580-9844
Email Address:  dbsignori72@gmail.com

By: _____
Daniel Signori

## Banking coordinates for wiring instructions:

**Account Name: Daniel Signori**
**Account Number: 3197377472**
**ABA number: 266086554**
**Bank Name: Citibank**
**Bank Branch Address: 1401 Brickell Avenue #100 Miami FL 33131**
**Beneficiary Address: of Rua Coronel Dulcidio, 1205, APTO 181, Curitiba Parana, Brazil 80250-100.**

**PLAINTIFF'S EXHIBIT  B**

**DANIEL SIGNORI**
RUA CORONEL DULCÍDIO,1205 APTO 181
CURITIBA PARANA, BRAZIL 80250-100

**103**

63455  511
6700
3197 472

Date _Aug 16, 2016_

Pay to the order of _The Law Firm of Larrack PLLC_   $ _187,700._

_One Hundred Eighty Seven Thousand Seven Hundred_ Dollars

**citibank**
CITIBANK, N.A. BK. 8511
1401 Brickell Avenue #100
Miami FL 33131

Memo _____

0103

FA Financial Center    Transaction Receipt
008 (00912)McPherson Square    Card Number    Aug 17,
                               ends in 174    03:48PM
Transaction    Amount    Description
Deposit        $187,700.00    To Checking
On deposit     $187,854.36    xxxxxxx074
Available now  $187,804.36    ref 029-02 PIC

STEPHEN LARSON-JACKSON
Thank you for banking with Citibank

08270B EM EP13E OCT 2008

PLAINTIFF'S EXHIBIT   C

UNITED STATES POSTAL SERVICE

**EXPRESS® MAIL**

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)                          PHONE (    )

PAYMENT BY ACCOUNT (if applicable)

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
☐ 10:30 AM Delivery Required (additional fee, where available)
*Refer to USPS.com® or local Post Office™ for availability.*

TO: (PLEASE PRINT)                            PHONE (    )



Flat Rate
Mailing Envelope

**For Domestic and International Use**

*Visit us at usps.com*

UNITED STATES
POSTAL SERVICE®    |  **PRIORITY**
                      **\* MAIL \***
                      **EXPRESS™**

EL385433215US

PO ZIP Code:        ☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ 3-Day   ☐ DPO

Date Accepted (MM/DD/YY)        Scheduled Delivery Date (MM/DD/YY)        Postage

Time Accepted   ☐ AM ☐ PM      Scheduled Delivery Time   ☐ 10:30 AM ☐ 12 NOON ☐ 3:00 PM      COD Fee   Insurance Fee

Weight        ☐ Flat Rate        10:30 AM Delivery Fee     Return Receipt Fee     Live Animal Transportation Fee

lbs.      ozs.                    Acceptance Employee Initials    Total Postage & Fees

Delivery Attempt (MM/DD/YY)  Time  ☐ AM ☐ PM    Employee Signature

Delivery Attempt (MM/DD/YY)  Time  ☐ AM ☐ PM    Employee Signature

LABEL 11-F, SEPTEMBER 2015        PSN 7690-02-000-9996        3-ADDRESSEE COPY







When used internationally
affix customs declaration
(PS Form 2976, or 2976-A).

USPS packaging products have been awarded Cradle to Cradle Certified™ecologically-intelligent design. For more information, go to mbdc.com/usps.

Cradle to Cradle Certified™ is a...

Please recycle.



EP13

Citibank CBO Services    937
P.O. Box 6201
Sioux Falls, SD 57117-6201    00042716 BB CCC 031 JSW1#5NC AM1  03R 0    001/R1/0#008

000
CITIBANK, N. A.

## PLAINTIFF'S EXHIBIT D

00042566
I202

LAW FIRM OF LARJACK PLLC
Attorney Trust
1629 K STREET NW  Suite 300
WASHINGTON            DC 20006

Control Account:

Statement Period
Jan 1 - Jan 31, 2017

Page 1 of 3

## CitiEscrow CONTROL ACCOUNT DETAIL FROM JAN 1, 2017 THRU JAN 31, 2017

### CitiEscrow Control Checking
9250564074

| | | | Beginning Balance: | $647.92 |
| | | | Ending Balance: | $187,052.08- |

| Date | Description | Debits | Credits | Balance |
|------|-------------|--------|---------|---------|
| 01/06 | OTHER WITHDRAWAL/ADJ | 187,700.00 | | 187,052.08- |
| 01/31 | INTEREST EARNED | | 0.02 | 187,052.08- |
| 01/31 | INTEREST DEBIT | 0.02 | | 187,052.06- |
| | Total Debits/Credits | 187,700.02 | 0.02 | 187,052.08- |

| Your CitiEscrow Control Checking Account Rates | | | | |
|---|---|---|---|---|
| For Balances of: | $0 to $99,999 | $100,000 to $249,999 | $250,000 to $999,999 | $1,000,000 and over |
| 1/01 - 1/31 | 0.200% | 0.200% | 0.200% | 0.200% |

### Average Balance Information
| | |
|---|---|
| Average Ledger Balance this Statement Period | 156,777.88- |
| Average Collected Balance this Statement Period | 156,777.88- |
| Total Interest Earned Since Jan 1 | 0.02 |

42566